**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Beth A. Buchanan
United States Bankruptcy Judge

**Dated: June 21, 2018**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| IN RE ) | |
| ) | |
| MARY J. FARRIER ) | Case No. 17-12858 |
| ) | Chapter 7 |
| Debtor ) | Judge Buchanan |
| ) | |

**MEMORANDUM DECISION
[Docket Numbers 74, 83-85, 88-92, 94-102 and 113]**

This case is before this Court on:

1. the *Second Motion (Amended) to Enlarge Time for Filing Complaint Objecting to Discharge* **[Docket Number 74]** (the "Motion to Extend Time") filed by Chapter 7 Trustee, George Leicht (the "Trustee") and Debtor, Mary Farrier's *Objection to Extend Time* **[Docket Number 89]**;

2. the *Respond to Motion to Review Procedure—and Objections and End All Chapter 7 Preceding* **[Docket Number 83]** filed by Debtor, Mary Farrier;

3. the Trustee's *Application Pursuant to 11 U.S.C. § 327(a) to Employ Real Estate Agent to Sell Real Property and to Compensate Agent* **[Docket Number 84]** (the "Application to Employ Realtor") and *Motion to Sell Real Property Free and Clear of Liens (1095 W. North Bend Road, Cincinnati, Ohio, Parcel Number 236-0001-*

*0083-00)* (the "North Bend Road Property") **[Docket Number 85]** (the "Motion to Sell"), Ms. Farrier's *Objection to Application Pursuant to 11 USC 327(A) to Employ Real Estate Agent to Sell Real Property and to Compensate Agent (Property Thief)* **[Docket Number 90]**; the Trustee's *Response* **[Docket Number 91]**; and Ms. Farrier's *I Never Been Granted Chapter 7 plus my Application for Chapter 7 was Dismiss Dec 18th, 2017 Objection Response of Chapter 7 Trustee to Objection of Debtor to Trustee's Motion to Employ Sales Agent and Trustee's Motion to Sell Real Property Free and Clear of Liens* **[Docket Number 92]**;

4. Ms. Farrier's *Objection to Trustee's Installment Statement* **[Docket Number 88]**;

5. The Trustee's *Motion for Turnover of Property of the Estate $1,000 Received by Debtor for Selling, Post-Petition, Property of the Estate* **[Docket Number 94]** ("Motion for Turnover"), the Trustee's *Letter to Debtor Regarding Post-Petition Transfer of Property of the Estate* **[Docket Number 95]** and Ms. Farrier's *Respond and Objuects (sic) to All Trustee Motions* **[Docket Numbers 96 and 97]**;

6. Ms. Farrier's *Motion* **[Docket Number 98]**, the Trustee's *Response and Request to Require the Debtor to Show Cause Why She Should not be Held in Contempt and to Require the Debtor to Obtain Leave of Court Before Filing New Motions or Pleadings in this Case* **[Docket Number 99]** and Ms. Farrier's *Objection & Response to Motion File [sic] by Trustee (5-3-18)* **[Docket Number 101]**; and,

7. The Trustee's *Subpoena to Produce Documents* **[Docket Number 102]** and Ms. Farrier's *Objects to Subpoena to Produce Documents or Permit Inspection of Premises* **[Docket Number 113]**.

The following are this Court's findings of fact and conclusions of law.

## I. Hearing

A hearing on the foregoing matters was held on May 21, 2018. Only the Trustee appeared at the hearing.

## II. Status of this Chapter 7 Case

Ms. Farrier maintains that her chapter 7 case is or should be dismissed based on her failure to pay the fee for filing a chapter 7 petition. Upon Ms. Farrier's failure to remit her fourth and final installment payment for the chapter 7 filing fee, the Clerk of Court issued a *Notice of Overdue Installment Payment and Imminent Dismissal of Case* [Docket Number 31]. The Notice states that:

>An Order Approving Payment of Filing Fee in Installments was previously entered. A payment scheduled to be made has not been received.
>
>**NOTICE TO THE DEBTOR: Notice is hereby given that if the outstanding payment is not received by the clerk's office on or before December 18, 2017, this case will be dismissed.**
>
>**NOTICE TO THE TRUSTEE, UNITED STATES TRUSTEE, AND PARTIES APPEARING IN THE CASE: If there is any reason why this case should not be dismissed for failure of the Debtor(s) to pay the overdue installment payment, a response to this Notice must be filed. Failure to respond will result in this case being dismissed without further notice.**

Ms. Farrier apparently views the Clerk's Notice as a mandate to this Court to dismiss her chapter 7 case because she did not remit the balance of the filing fee by December 18, 2017. Ms. Farrier misreads the Clerk's Notice. The Notice expressly provides that a party in interest, including the chapter 7 trustee, may object to the proposed dismissal of a case based on the debtor's failure to pay the filing fee. On December 5, 2017, the Trustee did in fact file a timely request [Docket Number 32] to keep Ms. Farrier's chapter 7 case open and to extend the time to pay the filing fee. This Court granted the Trustee's request by order entered on January 19, 2018 [Docket Number 78]. Therefore, even under the terms of the Notice, dismissal of the case was not warranted given that a timely response was filed and subsequently sustained.

In addition, while a bankruptcy court *may* dismiss a chapter 7 case based on a debtor's failure to pay the petition filing fee, the court is not *required* to do so. 11 U.S.C. § 707(a)(2) ("The court *may* dismiss a case under this chapter only after notice and a hearing and only for cause, including— . . . nonpayment of any fees or charges . . ." (emphasis added)). This Court determined that dismissal of this case was not warranted because there were assets in the case that could be liquidated for the benefit of creditors—specifically, the North Bend Road Property. Based on her own filings with this Court, it was clear that Ms. Farrier strongly opposed the Trustee's

administration of this asset.  Ms. Farrier should not be permitted to orchestrate the dismissal of her chapter 7 case based on her own failure to pay the final $83.75 installment payment.  *Cf. Simon v. Amir (In re Amir)*, 436 B.R. 1, 21 (B.A.P. 6th Cir. 2010) (observing that courts have waived statutory requirements in situations "where debtors have attempted to use their own noncompliance strategically in order to have their cases dismissed when further proceedings were not to their benefit.").

Ms. Farrier further protests being "forced" to remain in this chapter 7 bankruptcy case. This Court notes that Ms. Farrier voluntarily filed a chapter 7 petition, which commenced this proceeding.  Upon the filing of her petition, Ms. Farrier received the immediate benefit of the automatic stay, which gave (and continues to give) Ms. Farrier a "breathing spell" from collection efforts by her creditors.  Unlike a chapter 13 debtor, a chapter 7 debtor does not have the unfettered right to voluntarily dismiss a chapter 7 case.  *See Sicherman v. Cohara (In re Cohara)*, 324 B.R. 24, 27 (B.A.P. 6th Cir. 2005).  Rather, a debtor must establish "cause" for dismissal.  11 U.S.C. § 707(a).  "If dismissal would prejudice the creditors, then it will ordinarily be denied. . . . Prejudice exists where assets which would be available for distribution are lost as a result of the dismissal." *Cohara*, 324 B.R. at 27-28 (internal quotation marks and citations omitted).  To the extent that Ms. Farrier's filings with this Court constitute a motion to dismiss this case, such request is denied. Failure to administer the North Bend Road property would be prejudicial to creditors.  Therefore, Ms. Farrier has failed to establish cause for dismissal of this case.

For the foregoing reasons, Ms. Farrier's chapter 7 case has been and continues to be an active and open chapter 7 bankruptcy proceeding.

### III. Allegations of Wrongdoing by the Trustee

In her filings with this Court, Ms. Farrier alleges acts of wrongdoing by the Trustee, including:

—defamation;

—interference with Ms. Farrier's use and enjoyment of the North Bend Road Property;

—interference with the eviction of a tenant residing in the North Bend Road Property;

—commission of criminal trespass on the North Bend Road Property; and,

—acting for personal gain.

A brief explanation of the rights and responsibilities of a chapter 7 trustee is in order.[1]

One of the primary responsibilities of a chapter 7 trustee is to "collect and reduce to money the property of the estate for which such trustee serves." 11 U.S.C. § 704(a)(1). "This directive gives the trustee the authority to exercise wide-ranging authority over the debtor's assets." 7 Collier on Bankruptcy ¶ 704.02[1] (Alan N. Resnick & Henry J Sommer, eds., 16th ed.). This authority includes the right of the trustee to stand in the place of a debtor in pending state court litigation when necessary for the collection or preservation of the estate. 7 Collier on Bankruptcy ¶ 704.03 (Alan N. Resnick & Henry J Sommer, eds., 16th ed.). In most instances, there is no requirement that court approval be obtained before a trustee acts in the exercise of the trustee's duties under the Bankruptcy Code.[2] 7 Collier on Bankruptcy ¶ 704.02[1].

When a debtor files a chapter 7 bankruptcy petition, all of the debtor's legal and equitable property interests (with limited exceptions) that existed at the time the petition was filed become

---

[1] Ms. Farrier filed her chapter 7 petition with the benefit of counsel. Several months into the case, Ms. Farrier's counsel filed a motion to withdraw [Docket Number 40] indicating that there was a difference of opinion as to how to proceed in this case and further indicating that Ms. Farrier no longer wished to have counsel represent her in this case. The motion to withdraw as counsel was granted on January 19, 2018 [Docket Number 79].

[2] Unless otherwise indicated, the terms "Bankruptcy Code," "Section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*

property of the estate. 11 U.S.C. § 541(a). A chapter 7 trustee has an obligation to investigate the financial affairs of a debtor, *see* 11 U.S.C. § 704(a)(4), and to bring actions to recover property of the estate that was transferred by a debtor within the prescribed periods before or after the commencement of the chapter 7 case. *See, e.g.*, 11 U.S.C. §§ 548 and 549.

Most, if not all, of Ms. Farrier's allegations of wrongdoing by the Trustee involve the North Bend Road Property. The record reflects that Ms. Farrier transferred the North Bend Road Property to her daughter, Brandi Jordan, for no consideration approximately four months prior to the commencement of this case. Ms. Farrier properly disclosed this transfer in her Statement of Financial Affairs.

As relevant to this proceeding, section 548 of the Bankruptcy Code provides that a trustee may avoid any transfer of an interest of the debtor in property that was made within 2 years before the date of the filing of a bankruptcy petition if the debtor transferred the property without receiving the reasonably equivalent value for the property in return. 11 U.S.C. § 548(a)(1)(B). Because Ms. Farrier transferred the North Bend Road Property to her daughter for no consideration within 2 years before filing her bankruptcy case, the Trustee had an obligation under the Bankruptcy Code to recover that property for the benefit of creditors. As such, the Trustee commenced two adversary proceedings (adversary proceeding case numbers 17-1047 and 17-1055) to recover the North Bend Road Property from Ms. Jorden for the benefit of the estate. Upon being advised that Ms. Jorden had re-conveyed the North Bend Road Property back to Ms. Farrier, both adversary proceedings were dismissed.

Transfers of property under section 548 of the Bankruptcy Code are called "fraudulent transfers." In bringing these fraudulent transfer actions, the Trustee was not suggesting that Ms. Farrier or her daughter committed "fraud" in the common meaning of the word. Rather, the

Trustee was referring to a specific cause of action under the Bankruptcy Code that authorizes a trustee to recover property that was transferred within 2 years of the petition date for no consideration. Accordingly, the Trustee did not defame Ms. Farrier or her daughter.

Nor are the Trustee's actions to recover and liquidate the North Bend Road Property a wrongful interference with Ms. Farrier's use and enjoyment of the property. Any interest that Ms. Farrier had in the North Bend Road Property became property of the estate when she filed her bankruptcy petition. 11 U.S.C. § 541(a). A chapter 7 debtor relinquishes his or her non-exempt interests in property to the chapter 7 trustee to liquidate and satisfy the claims of the debtor's creditors. In exchange, the debtor is given a "fresh start" by being relieved (in most instances) of his or her obligations to creditors. That is the nature of a chapter 7 bankruptcy.

As such, the Trustee was well within his rights to intervene in the state court eviction proceedings involving the North Bend Road Property. "Rights of action arising upon the contracts or property of the debtor, not yet resolved into suit, pass to the trustee, and should be asserted in the proper tribunal whenever necessary for the collection or preservation of the estate." 7 Collier on Bankruptcy ¶ 704.03.

Similarly, the Trustee had the authority to change the locks on the North Bend Road Property and to enter the premises (particularly now that the property is unoccupied). *Crawford v. Margabandhu (In re Maya Rest., Inc.)*, 2018 Bankr. LEXIS 968, at *13, 2018 WL 1613822, at *6 (Bankr. W.D. Pa. Mar. 29, 2018) ("In those cases where the property appears to have value for the estate, the trustee must obtain control over the property, which may include changing locks at the premises, hiring guards, etc. . . . U.S. Dep't of Justice, Handbook for Chapter 7 Trustees § 4.C.3.f (2012)."). In fact, Ms. Farrier has an obligation under the Bankruptcy Code to surrender

all property of the estate to the Trustee and to cooperate with the Trustee in a manner that allows him to perform his duties.  11 U.S.C. §§ 521(a)(3), (4).

These actions were taken by the Trustee to preserve and protect the North Bend Road Property and, therefore, do not constitute criminal trespass.  *Maya Rest., Inc.*, 2018 Bankr. LEXIS 968, at *10-14, 2018 WL 1613822, at *4-6 (sanctioning the principal of the debtor for identifying the chapter 7 trustee as the perpetrator of a criminal trespass and burglary without informing the police that the business was in bankruptcy and the trustee had been appointed to administer the business's bankruptcy estate).

Finally, Ms. Farrier asserts that the Trustee is acting for personal gain "to put money in his pocket."  A chapter 7 trustee provides valuable services to the bankruptcy process in performing his or her duties to administer the chapter 7 bankruptcy estate.  In exchange, a chapter 7 trustee is entitled to reasonable compensation for those services.  The Trustee will be required to file a request for compensation in accordance with sections 326 and 328 of the Bankruptcy Code.  Ms. Farrier and her creditors will receive notice of the request and have an opportunity to respond.  The Trustee's compensation ultimately will be subject to approval by this Court based on the standards prescribed by the Bankruptcy Code.

### IV.    **Disposition of the North Bend Road Property**

The Trustee seeks to sell the North Bend Road Property free and clear of liens pursuant to section 363(f) of the Bankruptcy Code and to employ Debbie Turner as a real estate agent to assist him in the marketing and sale of the property.[3]  Ms. Farrier contests the Trustee's legal right to sell

---

[3] Approximately two weeks after the Trustee filed his motion to sell the North Bend Road Property and employ a real estate agent, Ms. Farrier transferred the property to her husband, Frank Brooks, for $1,000.  The Trustee thereafter filed a complaint against Mr. Brooks to recover and to sell the property (the "Brooks Adversary Proceeding") and filed a Motion for Turnover of the funds received by Ms. Farrier for the transfer of the property.

The Trustee filed a motion for summary judgment in the Brooks Adversary Proceeding seeking an order avoiding the post-petition transfer of the North Bend Road Property and a finding that Mr. Brooks no longer has any interest in

the North Bend Road Property. Ms. Farrier further expresses concern about her on-going liability for the water bill and real property taxes associated with the North Bend Road Property while the property is under the control of the Trustee. Other than opposing the sale of the North Bend Road Property in general, Ms. Farrier does not state any other reason for opposing the retention of the real estate agent.

As previously discussed, Ms. Farrier's interest in the North Bend Road Property became property of the estate when she filed her bankruptcy petition. The Trustee has a duty to "reduce to money the property of the estate for which such trustee serves." 11 U.S.C. § 704(a)(1). Pursuant to section 363 of the Bankruptcy Code, the Trustee may sell property of the estate other than in the ordinary course of business upon approval of the court after notice and a hearing. 11 U.S.C. § 363(b)(1). The Trustee must demonstrate a sound business purpose for the sale. *In re Junk*, 566 B.R. 897, 915 (Bankr. S.D. Ohio 2017) (citing *Stephens Indus., Ind. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986)). In determining whether a sound business purpose exists, courts generally consider "whether the terms of the proposed sale reflect the highest and best offer for the assets, whether the negotiations were conducted at arm's length, and whether the sale is in the best interest of the estate and its creditors." *Id*. (citations omitted).

By his Motion to Sell, the Trustee seeks to sell the North Bend Road Property "as is where is with no warranties," through a real estate agent for the best price obtainable. The property has an auditor's value of $69,530 and an appraised value of $45,000. The Trustee intends to list the property for $55,000. The Trustee believes that there are no outstanding liens other than some

---

the property. That motion is currently ripe for adjudication and will be granted by separate order of this Court in the Brooks Adversary Proceeding.

Given that the Trustee has prevailed in the Brooks Adversary Proceeding and is recovering the North Bend Road Property free and clear of any interest held by Mr. Brooks, the Motion for Turnover is denied without prejudice as moot.

utility bills and unpaid taxes and assessments. In addition, the Trustee maintains that Ms. Farrier is not entitled to any exemption of the sale proceeds. The Trustee requests authority to pay the usual and customary closing costs from the sale proceeds, including a 6% commission to the real estate agent, real property taxes, utilities and any transfer fees and expenses.

This Court finds that the Trustee has demonstrated a sound business purpose for the sale of the North Bend Road Property. The Trustee intends to obtain the highest and best offer for the sale of the North Bend Road Property by listing the property for sale on the open market with the assistance of a qualified real estate sales professional. The public nature of the sales process supports the negotiation of an arm's length sale. Finally, the sale is in the best interest of the estate and its creditors. There are no known liens or encumbrances against the North Bend Road Property, other than real property taxes and utility bills. The Trustee proposes to pay the real property taxes and utility bills from the sale proceeds at closing. The Trustee further proposes to pay a 6% commission to the real estate agent and routine closing fees and expenses from the sale proceeds, which this Court finds to customary and reasonable. After payment of expenses, it is anticipated that there will be equity in the property that will inure to the benefit of the estate and its creditors. Accordingly, the Trustee is justified in seeking to sell the North Bend Road Property.

As to the Application to Employ Realtor, a trustee may retain professional persons to assist the trustee in carrying out the trustee's duties. 11 U.S.C. § 327(a). The record reflects that Ms. Turner is a duly qualified real estate agent and that she is a disinterested person who does not hold or represent any interest adverse to the estate.

For these reasons, this Court approves the Trustee's Motion to Sell and Application to Employ Realtor.

**V.** **Extension of Time to Object to Discharge**

The Trustee filed a timely Motion to Extend Time to May 31, 2018 to object to Ms. Farrier's discharge. The Trustee requests the extension of time to ensure Ms. Farrier's cooperation in the Trustee's administration of the estate—namely, the sale of the North Bend Road Property.

Bankruptcy Rule 4004 provides that:

> On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired.

Fed. R. Bankr. P. 4004(b)(1). Under certain circumstances, a debtor's failure to cooperate with the bankruptcy trustee may constitute cause to extend the time to object to discharge. *See Strong v. Burtch (In re Strong)*, 2018 U.S. Dist. LEXIS 66801, at *15-16, 2018 WL 1891472, at *6 (D. Del., April 20, 2018). This Court finds that such circumstances exist in this case.

As outlined in the Trustee's pleadings and further explained by the Trustee at the May 21, 2018 hearing, Ms. Farrier—directly and through certain members of her family—is exhibiting a pattern of behavior that is hindering the Trustee's administration of the North Bend Road Property. Ms. Farrier and her daughter separately filed consecutive eviction proceedings in state court, which interfered with the Trustee's efforts to keep a tenant in the property to preserve and protect the property pending further administration by the Trustee. Later, when the Trustee sought permission of this Court to market and sell the North Bend Road Property, Ms. Farrier transferred the property to her spouse, which required additional litigation by the Trustee to recover the property. Equally troubling is Ms. Farrier's threats of criminal charges against the Trustee and his professionals.

Ms. Farrier has an obligation to cooperate with the Trustee to enable him to perform his duties. 11 U.S.C. § 521(a)(3). Moreover, it is in Ms. Farrier's best interest to cooperate with the Trustee if she wishes to receive a discharge in this case. *See* 11 U.S.C. § 727 (setting forth grounds

for the denial of discharge). Accordingly, the Trustee's Motion to Extend Time is granted to afford Ms. Farrier such an opportunity.[4]

**VI.    Trustee's Subpoena to Produce Documents**

The Trustee issued a subpoena to Ms. Farrier to produce the following documents:

a. Copy of any document upon which you relied which authorized you to sell or otherwise transfer the property located at 1095 W. North Bend Road, to your husband, Frank Brooks.

b. All documents, receipts, canceled checks relating to the sale of 1095 W. North Bend Road, Cincinnati, Ohio on or about 2/16/2018 including all bank statements owned by you for months of February and March, 2018.

c. Copies of all insurance policies in effect from September 2017 to the present date relating to the real estate located at 1095 W. North Bend Road, Cincinnati, Ohio.

d. All documents and memoranda upon which you base your allegation that you were entitled to dismiss your bankruptcy case after the 341 meeting held September 19, 2017.

e. All documents and memoranda upon which you base your allegation that you are not subject to the jurisdiction of this Bankruptcy Court.

f. All documents and memoranda upon which you base your allegation that your bankruptcy case has been dismissed.

g. All documents and memoranda which supporting your allegation that George Leicht as Trustee interfered with your (Mary Farrier's) eviction of tenant Eliza Morrison in the Hamilton County Municipal Court.

h. Copy of your 2017 Federal and State Income tax returns.

The subpoena directed Ms. Farrier to bring the documents requested by the Trustee to the courthouse fifteen minutes prior to the hearing scheduled on May 21, 2018. The Trustee stated at the hearing that he saw Ms. Farrier and a gentleman that he presumed to be Mr. Brooks at the courthouse prior to the hearing. The docket reflects that Ms. Farrier filed an objection to the

---

[4] The Trustee filed a timely third motion to extend time to December 31, 2018 to object to Ms. Farrier's discharge. Docket Number 103. For these same reasons, this Court will grant the Trustee's third motion to extend time by separate order.

Trustee's subpoena at 9:43 am on May 21, 2018, which supports the Trustee's observation that Ms. Farrier was present in the courthouse the day of the hearing. Ms. Farrier, however, did not appear at the hearing or produce the requested documents.[5] Ms. Farrier's objection to the subpoena merely repeats allegations of wrongdoing against the Trustee and is without merit.

The Trustee's request for documents in items a through g of the subpoena pertained to the matters set for hearing on May 21, 2018. Given this Court's ruling on those matters, the Trustee stated that his request for those documents is moot. The Trustee's request for Ms. Farrier's 2017 federal and state income tax returns, however, are documents that a debtor is required to provide to a trustee pursuant to the bankruptcy rules. Fed. R. Bankr. P. 4002(a)(3); LBR 4002-1(a)(11). Accordingly, this Court will issue a separate order directing Ms. Farrier to provide copies of her 2017 federal and state income tax returns to the Trustee.

## VII. Trustee's Request for Additional Relief

The Trustee seeks an order of this Court requiring Ms. Farrier to seek leave of court before filing any new pleadings or motions, other than responses to pleadings initiated by the Trustee, his attorney or third parties. Docket Number 99. The Trustee cites this Court's inherent power under section 105(a) of the Bankruptcy Code to issue any order necessary to carry out the provisions of the Bankruptcy Code.

In support of his request, the Trustee states that he has incurred attorney fees in excess of 31 hours addressing with Ms. Farrier and her families' "spurious and specious pleadings and motions," which is dissipating funds in the estate that could be distributed to creditors. The Trustee notes that the court's local bankruptcy rules provide that the court may grant the relief requested

---

[5] This is the second hearing at which Ms. Farrier failed to appear. The first hearing in this case was held on January 18, 2018, during which this Court addressed certain of the matters covered again in this decision. In a subsequent pleading, Ms. Farrier indicated that she was unable to attend the January 2018 hearing due to illness. Docket Number 83. No explanation has been given for Ms. Farrier's failure to attend the May 21, 2018 hearing.

by motion if no response is filed in opposition to the motion. LBR 9013-1. As such, the Trustee feels compelled to respond to Ms. Farrier's filings.

This Court finds that the Trustee's request for relief is well taken given Ms. Farrier's conduct in this case. Accordingly, the Trustee shall not be required to respond to any filing by Ms. Farrier or her family in this case unless directed to do so by order of this Court.

### VIII. Conclusion

For the foregoing reasons, it is hereby ordered that:

1. The Trustee's *Second Motion (Amended) to Enlarge Time for Filing Complaint Objecting to Discharge* **[Docket Number 74]** is GRANTED;

2. To the extent that Ms. Farrier's *Respond to Motion to Review Procedure—and Objections and End All Chapter 7 Preceding* **[Docket Number 83]** requests affirmative relief, such request is DENIED;

3. The Trustee's *Application Pursuant to 11 U.S.C. § 327(a) to Employ Real Estate Agent to Sell Real Property and to Compensate Agent* **[Docket Number 84]** is GRANTED;

4. The Trustee's *Motion to Sell Real Property Free and Clear of Liens (1095 W. North Bend Road, Cincinnati, Ohio, Parcel Number 236-0001-0083-00)* (the "North Bend Road Property") **[Docket Number 85]** is GRANTED;

5. To the extent that Ms. Farrier's *Objection to Trustee's Installment Statement* **[Docket Number 88]** requests affirmative relief, such request is DENIED;

6. The Trustee's *Motion for Turnover of Property of the Estate $1,000 Received by Debtor for Selling, Post-Petition, Property of the Estate* **[Docket Number 94]** is DENIED, without prejudice;

7. To the extent that Ms. Farrier's *Motion* **[Docket Number 98]** requests affirmative relief, such request is DENIED; and,

8. The Trustee shall not be required to respond to any filing by Ms. Farrier or her family in this case unless directed to do so by order of this Court.

The Trustee shall tender proposed orders to this Court granting Docket Numbers 74, 84 and 85.

SO ORDERED.

Distribution List:

    Default List Plus

    Frank Brooks
    P.O. Box 19361
    Cincinnati, Ohio 45219